# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH DUANE ARLINE, JR., | CASE NO. 1:07-cv-01097-LJO-GSA PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED, THUS CONCLUDING THIS ACTION IN ITS ENTIRETY |
| v. | |
| WARDEN KEN CLARK, et al., | |
| Defendants. | (Doc. 22) |
| / | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations**

**I.    Relevant Procedural History**

Plaintiff Keith Duane Arline, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's claims under section 1983 against Defendant, Warden Ken Clark ("Defendant") for deprivation of outdoor exercise, in violation of the Eighth Amendment. On May 15, 2009, Defendant filed a motion to dismiss. (Doc. 22.) On July 8, 2009, Plaintiff filed an opposition to Defendant's motion to dismiss. (Doc. 29.) On July 27, 2009, Defendant filed a reply to Plaintiff's opposition. (Doc. 34.)

**II.    Defendant's Motion**

Defendant moves for dismissal on the grounds that Plaintiff failed to state a claim for relief against him; that Defendant is entitled to qualified immunity; and that Defendant is entitled to immunity under the Eleventh Amendment.

1

### III. Failure to State a Claim

#### A. Legal Standard

Defendant argues that Plaintiff fails to allege sufficient facts to state a claim against him. "The focus of any Rule 12(b)(6) dismissal . . . is the complaint," *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), which must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S.Ct. at 1949-50; *Moss*, 572 F.3d at 969.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal* at 1949 (*citing Twombly* at 555), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

#### B. Eighth Amendment Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Outdoor exercise is a basic human need protected by the Eighth Amendment, and the denial of outdoor exercise may violate the Constitution, dependent upon the circumstances. *Richardson v. Runnels*, — F.3d —, 2010 WL 276181, *5 (9th Cir. Jan. 26, 2010); *Norwood v. Vance*, Nos. 07-17322, 08-15778, 2010 WL 27406, *6 (9th Cir. Jan. 7, 2010); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1995); *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979). While the "'temporary denial of outdoor exercise with no medical effects is not a substantial deprivation,'" *Norwood*, 2010 WL 27406, at *5-7 (*quoting May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997)), when an inmate alleges the denial of constitutionally adequate outdoor exercise, the inquiry is fact specific and thus requires full consideration of the context in which the denial occurred based on a fully developed record, *Richardson*, 2010 WL 276181, at *5; *Norwood*, 2010 WL 27406, at *5-7. "[W]hen balancing the obligation to provide for inmate and staff safety against the duty to accord inmates the rights and privileges to which they are entitled, prison officials are afforded 'wide-ranging deference.' " *Norwood*, at *6 *quoting Bell v. Wolfish*, 441441 U.S. 520, 547 (1979). "When a 'lockdown was in response to a genuine emergency,' and 'restrictions were eased as the prison administration determined that the emergency permitted,' we may not lightly second-guess officials' expert judgments about when exercise and other programs could safely be restored. 'These decisions are delicate ones, and those charged with them must be given reasonable leeway.' " *Norwood*, at *6 *quoting Hayward v. Procunier*, 629 F.2d 599, 603 (9th Cir.1980).

In paragraph four on the Complaint form utilized by Plaintiff, Plaintiff alleges that he was denied "outdoor access" during "frequent" episodes of "modified program" which caused him to be confined to his cell twenty four hours a day, seven days a week, for periods "lasting up to three months," and that as a result, he sustained "pain/health problems due to long hours in cell and days; back was x-rayed." (Doc. 4, Compl., p. 3, ¶ IV.) This rather cryptic description is further fleshed out via the exhibits to Plaintiff's Complaint.[1] In the exhibits, it is apparent that

---

[1] A court may consider "material which is properly submitted as part of the complaint" on a motion to dismiss without converting [a] motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) overruled on other grounds in *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

3

Plaintiff claims that his Eight Amendment rights to outdoor access were violated as a result of modified program scheduling initiated on at least two occasions: (1) on August 15, 2006 in response to an incident whereby cell-searches uncovered potentially deadly contraband (drugs, money, commercially manufactured weapons, recording devices, and cell phones) which resulted in a restriction of outdoor exercise for less than two months which was eased approximately half way through for Hispanic and white inmates; and (2) on October 20, 2006 in response to an incident of violence (battery on prison staff) in the facility which resulted in a restriction of outdoor exercise for an unspecified time frame (but presumably not more than three months based on his handwritten allegations). The Court notes a discrepancy between Plaintiff's use of the word "frequent" in his handwritten statement of claim on the form complaint (Doc. 4, Compl., p. 3, ¶ IV) and the mere two incidents evidenced by his exhibits (*Id*. at pp. 11-14). Thus, it is difficult to discern if the two incidents evidenced by his exhibits are the only instances of modified programing that Plaintiff feels violated his Eighth Amendment rights. However, the favorable inferences drawn from Plaintiff's use of the word "frequent" imply that there may have been additional incidents of which Plaintiff intends to pursue in this action.

Plaintiff's Complaint was screened on December 12, 2008 and was found to state a cognizable claim for relief. On May 18, 2009, the United States Supreme Court issued its decision in *Iqbal*. The Ninth Circuit's latest pleading case erases any doubt that there has been a significant departure from prior cases holding that a complaint may be dismissed only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Moss* at 972. Accordingly, in light of *Iqbal*, the Court finds that Plaintiff's allegations that he was denied "outdoor access" during "frequent" episodes of "modified program" which caused him to be confined to his cell twenty four hours a day, seven days a week, for periods "lasting up to three months," and that as a result, he sustained "pain/health problems due to long hours in cell and days; back was x-rayed" (Doc. 4, Compl., p. 3, ¶ IV) to be conclusory statements which do not rise to the level of stating a cognizable claim. The Court finds that Plaintiff has failed to state a claim upon which relief may be granted so as to justify granting Defendant's motion to dismiss as to Plaintiff's claims regarding the "frequent" episodes

of "modified program" with leave to amend.

As stated above, the Court infers from Plaintiff's use of the word "frequent" that he intended to complain of more instances of modified programming than the two initiated on August 15, 2006 and October 20, 2006 – which are hereby expressly not dismissed with leave to amend. Rather, while Plaintiff's allegations, drawn from the exhibits to the Complaint regarding the modified programs imposed on August 15, 2006 and October 20, 2006, do not state a cognizable claim for violation of his Eighth Amendment right to outside exercise as both of these instances appear, by Plaintiff's own submissions, to have been initiated in response to genuine emergencies so as to justify giving prison officials " 'reasonable leeway.' " *Norwood*, at \*6 *quoting Hayward*, 629 F.2d at 603, for the reasons discussed herein below, Defendant is entitled to qualified immunity on Plaintiff's claims based on the two instances (initiated on August 15, 2006 and October 20, 2006) such that they are appropriately dismissed without leave to amend.

### IV. Qualified Immunity

Defendant contends that he is entitled to qualified immunity. (Doc. 22, pp. 7-8.) Defendant contends that it is not clearly established that the law at the time of the alleged events was not so clear that a reasonable official in his position would have believed that endorsing a modified program in response to institutional security concerns that limited outdoor exercise for less than three months at a time was unlawful. (*Id.,* 8:21-27.)

Plaintiff argues that it was clearly established at the time, that Defendant's endorsing a modified program that ceased all outdoor exercise without providing for use of the secured concrete yard was a clear violation of the Eighth Amendment. (Doc. 29, Opp., 6:2-12.)

Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In ruling upon the issue of qualified immunity, one prong of inquiry is whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the defendant's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The other prong asks whether the right was clearly established such that a reasonable officer in those circumstances would have thought her

5

or his conduct violated the alleged right.  *Id.*; *Inouye v. Kemna* 504 F.3d 705, 712 n.6 (9th Cir. 2007).  These prongs need not be addressed by the Court in any particular order.  *Pearson v. Callahan,* — U.S. —, 129 S.Ct. 808, (2009).

This Court notes the very recent Ninth Circuit ruling which held that prison official defendants are entitled to qualified immunity so long as a right to outdoor exercise in the midst of ongoing prison violence was not clearly established at the time defendants acted.  *Norwood v. Vance*, — F.3d — , 2010 WL 27406, *4, (9th Cir. January 7, 2010) (*ref. Saucier v. Katz*, 533 U.S. 194, 201-02 (2001).  "The relevant, dispositive inquiry ... is whether it would be clear to a reasonable officer that his conduct was unlawful *in the situation he confronted*." *Id. ref. Saucier*, 533 U.S. at 202 (emphasis added in *Norwood*).

"When violence rises to unusually high levels, prison officials can reasonably believe it is lawful to temporarily restrict outdoor exercise to help bring the violence under control . . . . '[P]rison officials have a right and a duty to take the necessary steps to reestablish order in a prison when such order is lost.  This is for the benefit of the prisoners as much as for the benefit of the prison officials.' " *Norwood v. Vance*, — F.3d — , 2010 WL 27406, *5 *quoting Hoptowit v. Ray*, 682 F.2d 1237, 1259 (9th Cir.1982).  The Defendants in *Norwood*, had to act decisively to stop the violence which included the death of one prisoner and severe wounding of prisoners and guards, and as such were entitled to qualified immunity as to an inmate's claims that his rights under the Eight Amendment were violated by the denial of outdoor exercise for one – two month period, one – four and a half month period, and two – three month periods.

"[W]hen balancing the obligation to provide for inmate and staff safety against the duty to accord inmates the rights and privileges to which they are entitled, prison officials are afforded 'wide-ranging deference.' " *Norwood*, at *6 *quoting Bell v. Wolfish*, 441441 U.S. 520, 547 (1979).  "When a 'lockdown was in response to a genuine emergency,' and 'restrictions were eased as the prison administration determined that the emergency permitted,' we may not lightly second-guess officials' expert judgments about when exercise and other programs could safely be restored.  'These decisions are delicate ones, and those charged with them must be given reasonable leeway.' " *Norwood*, at *6 *quoting Hayward v. Procunier*, 629 F.2d 599, 603 (9th

6

Cir.1980).

As discussed herein above, the exhibits submitted with Plaintiff's Complaint show two specific incidents where modified programming was initiated on August 15, 2006 and October 20, 2006 in response to specific incidents which jeopardized the safety at the prison. Under the law in effect in 2006 it would have been reasonable for prison officials to conclude that it was lawful to initiate modified programs which restricted inmates' access to outdoor exercise in response to an incident of uncovering drugs, money, commercially manufactured weapons, recording devices, and cell phones in inmates' possessions, and also in response to an assault on prison staff. Indeed, under subsequent case holdings, such actions are reasonable and do not rise to the level of violating an inmate's constitutional rights. *See Norwood*; *Richardson*. Thus, this Court finds that Defendant is entitled to qualified immunity on Plaintiff's claims arising from the instances of modified programming initiated on August 15, 2006 and October 20, 2006 such that all such claims are properly dismissed without leave to amend.

### V. Eleventh Amendment Immunity

Defendant argues that Plaintiff's claims against him in his official capacity should be dismissed. (Doc. 22, 7;4-24.) Plaintiff's Complaint does not specify whether his claims are brought against Defendant in Defendant's personal or official capacity.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities. *Hafer v. Melo*, 502 U.S. 21, 30 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

"Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law." *Hafer*, 502 U.S. at 25; *Suever v. Connell*, Nos. 08-15884, 08-16161, 2009 WL 2606235, *12 (9th Cir. Aug. 26, 2009). Where a plaintiff is seeking damages against a state official and the complaint is silent as to capacity, a personal capacity suit is presumed given the bar against an official capacity suit. *Shoshone-Bannock Tribes v. Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994); *Price v. Akaka*, 928 F.2d

7

824, 828 (9th Cir. 1991).

Here, while Plaintiff does not specifically allege an official capacity suit against Defendant, it is unclear from his allegations whether the alleged basis for liability is Defendant's mere position as the prison warden, or if Plaintiff feels Defendant was personally involved in ordering the modified programming of which he complains. To the extent that Plaintiff intended to seek money damages from Defendant in his official capacity, all such claims are barred and properly dismissed.

## VI. Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant's motion to dismiss, filed May 15, 2009, be denied in part and granted in part as follow:

1. Defendant's motion to dismiss Plaintiff's Eighth Amendment claims based on "frequent" episodes of "modified programming" be GRANTED and Plaintiff's claim based thereon be dismissed, with leave to amend;

2. Defendant's motion to dismiss Plaintiff's Eight Amendment claims based on qualified immunity be GRANTED, without leave to amend, solely as to Plaintiff's claim that is based on the two incidents of modified programming initiated on August 15, 2006 and October 20, 2006; and

3. Defendants' motion to dismiss Plaintiff's claims for money damages against Defendant in his official capacity be GRANTED without leave to amend.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     February 4, 2010            /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE