IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH DUANE ARLINE, JR., | 1:07-cv-01097-LJO-GSA-PC |
|     Plaintiff, | ORDER ADOPTING IN PART AND DENYING IN PART FINDINGS AND RECOMMENDATIONS |
|     vs. | (Doc. 37.) |
| WARDEN KEN CLARK, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS |
|     Defendant. | (Doc. 22.) |
| | ORDER REQUIRING PLAINTIFF TO EITHER FILE AN AMENDED COMPLAINT, OR NOTIFY THE COURT IN WRITING THAT HE INTENDS TO PROCEED ONLY ON THE CLAIMS FOUND COGNIZABLE BY THE COURT |
| | THIRTY DAY DEADLINE |

## I. BACKGROUND

Keith Duane Arline, Jr., ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint on June 27, 2007. This case proceeds against defendant Warden Ken Clark ("Defendant") on Plaintiff's claim for inadequate outdoor exercise under the Eighth Amendment. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On February 4, 2010, findings and recommendations were entered, recommending that Defendant Clark's motion to dismiss filed May 15, 2009, be granted in part and denied in part: (1) Defendant's motion to dismiss Plaintiff's Eighth Amendment claims based on "frequent" episodes of "modified programming" be GRANTED and Plaintiff's claim based thereon be dismissed, with leave to amend; (2) Defendant's motion to dismiss Plaintiff's Eighth Amendment claims based on qualified immunity be GRANTED, without leave to amend, solely as to Plaintiff's claim that is based on the two incidents of modified programming initiated on August 15, 2006 and October 20, 2006; and (3) Defendants' motion to dismiss Plaintiff's claims for money damages against Defendant in his official capacity be GRANTED without leave to amend. On March 3, 2010, Plaintiff filed objections to the findings and recommendations, and on March 10, 2010, Plaintiff filed further objections. (Docs. 38, 39.)

## II.   DISCUSSION

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73-305, this Court has reviewed all of Plaintiff's objections and conducted a <u>de novo</u> review of this case.

### *Failure To State A Claim*

In his objections to the findings and recommendations, Plaintiff argues that the complaint states a claim for violation of his Eighth Amendment rights to outdoor exercise. Plaintiff has alleged that he was forced to spend 24 hours a day, 7 days a week, confined to his cell without outdoor fresh air access during frequent modified programs lasting up to 3 months long. Plaintiff cites two specific instances when he was deprived of outdoor exercise, one beginning on August 15, 2006, lasting 56 days, and the other beginning on October 20, 2006, lasting 38 days. Plaintiff acknowledges that in both instances, a modified exercise program was imposed in response to serious security concerns, including the discovery of weapons, contraband, and drugs, and a threat of battery on staff. Plaintiff alleges medical effects as a result of the lack of adequate outdoor exercise, and claims that as the warden and policymaker, Defendant was responsible for signing off on all policies. Plaintiff alleges he made requests to prison officials to exercise during lockdowns in a secured concrete yard attached to the housing unit, but his requests were denied on the ground that

there is an insufficient number of staff to allow inmates on modified program access to the concrete yard. Plaintiff contends that there are three to four correctional officers working in the housing unit during second watch who could escort inmates to the secured concrete yard, giving inmates the opportunity to exercise.

The Magistrate Judge found Plaintiff's allegations that he was denied "outdoor access" during "frequent" episodes of "modified program" which caused him to be confined to his cell twenty four hours a day, seven days a week, for periods "lasting up to three months," and that as a result, he sustained "pain/health problems due to long hours in cell and days; back was x-rayed" (Doc. 4, Compl., p. 3, ¶ IV) to be conclusory statements which do not rise to the level of stating a cognizable claim. In accord with the Magistrate Judge's findings, this claim shall be dismissed with leave to amend.

With regard to Plaintiff's allegations describing two specific instances of modified programs imposed on August 15, 2006 and October 20, 2006, the Magistrate Judge found that Plaintiff failed to state a cognizable claim because, by Plaintiff's own submissions, these instances appear to have been initiated in response to genuine emergencies so as to justify giving prison officials " 'reasonable leeway.' " Norwood v. Vance, 591 F.3d 1062, 1070 (9th Cir. 2010) (citing Hayward v. Procunier, 629 F.2d 599, 603 (9th Cir.1980)). The Court declines to adopt this part of the Magistrate's findings. The Court finds these allegations sufficient, at the pleading stage, for Plaintiff to state an Eighth Amendment claim. In the Ninth Circuit, when an inmate alleges the denial of constitutionally adequate outdoor exercise, the inquiry is fact specific and requires full consideration of the context in which the denial occurred, Richardson v. Runnels, 594 F.3d, 666, 672 (9th Cir. 2010); Norwood, 591 F.3d at 1077. When examining conditions of confinement during a lockdown situation, the court should "consider whether each specific restriction imposed amounted to an infliction of pain without penological purpose." Hoptowit v. Ray, 682 F.2d at 1237, 1259 (9th Cir. 1982). In making this evaluation,"the district judge should consider the length of time each restriction was in effect, and whether the restriction and its duration bore a relationship to legitimate attempts to ease the emergency." Id. While Defendant is correct that prison officials have discretion to handle

3

emergency situations which arise and that their decisions in the exercise of this discretion are entitled to deference, this fact specific inquiry cannot properly be resolved at the pleading stage. Id. Therefore, Defendant's motion to dismiss Plaintiff's claims regarding the two specific instances of modified programming, for failure to state a claim, shall be denied.

### *Qualified Immunity*

Plaintiff also objects to the Magistrate Judge's findings that Defendant is entitled to qualified immunity on his claims based on the two specific instances of modified programming. Defendant has argued that in the absence of clearly established authority to the contrary, a reasonable official could have thought lockdowns depriving inmates of outdoor exercise for less than three months, and instituted due to security threats were justified and necessary to protect prison officials and inmates.

In resolving a claim of qualified immunity, courts must determine whether, taken in the light most favorable to the plaintiff, the defendant's conduct violated a constitutional right, and if so, whether the right was clearly established. Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001); McSherry v. City of Long Beach, 560 F.3d 1125, 1129-30 (9th Cir. 2009). While often beneficial to address in that order, courts have discretion to address the two-step inquiry in the order they deem most suitable under the circumstances. Pearson v. Callahan, --- U.S. ----, ----, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009) (overruling holding in Saucier that the two-step inquiry must be conducted in that order, and the second step is reached only if the court first finds a constitutional violation); McSherry, 560 F.3d at 1130.

On Defendant's motion to dismiss at the pleading stage, the Court is limited to a review of the allegations set forth in Plaintiff's pleading. Plaintiff submits evidence that he was deprived of outdoor exercise for a total of 94 days between August 15, 2006 and November 26, 2006. Plaintiff acknowledges that the lockdowns at issue were imposed due to serious security concerns. The Court agrees with Plaintiff that it was clearly established at the time of the lockdown that deprivation of exercise for an extended period violates the Eighth Amendment. The question becomes whether the right was clearly established given the emergency prison officials were faced with. The Court finds that at this stage of the proceedings, there is not enough information regarding Defendant's decision

4

to modify the exercise program or Defendant's reason for denying Plaintiff's request to exercise in the concrete yard. Therefore, the Court cannot determine the reasonableness of Defendant's actions, and Defendant is not entitled to qualified immunity based on the evidence submitted.

### *Eleventh Amendment Immunity*

With regard to the Eleventh Amendment immunity issue, the Court finds the findings and recommendations to be supported by the record and proper analysis. Plaintiff states in his objections that his claims in the complaint were brought against Defendant in both his official and individual capacity. As found by the Magistrate, Plaintiff's claims for money damages against Defendant in his official capacity are barred under the Eleventh Amendment. However, because the Court presumes a personal capacity suit, Plaintiff is not barred under the Eleventh Amendment from proceeding against Defendant for money damages in his individual capacity. Shosone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994).

### *Leave to Amend - Rule 15(a)*

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). The Court has found that Plaintiff states cognizable claims under the Eighth Amendment for inadequate access to outdoor exercise regarding two specific instances, one beginning on August 15, 2006, and the other beginning on October 20, 2006. Plaintiff shall be granted leave to amend the complaint to add any additional instances of modified programming included in his description of "frequent" episodes of "modified program" which caused him to be confined to his cell twenty four hours a day, seven days a week, for periods "lasting up to three months," resulting in "pain/health problems due to long hours in cell and days." In the alternative, Plaintiff shall notify the Court in writing that he does not wish to file an amended complaint and instead intends to proceed only on the claims found cognizable by the Court.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants relating to issues arising after June 27, 2007. In addition, Plaintiff should take care to include only those claims that have been exhausted prior to the initiation

of this suit on June 27, 2007.

Plaintiff is also advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint, if any, should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

### III. CONCLUSION

Based on the foregoing, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on February 4, 2010, are ADOPTED in part;
2. Defendant Clark's motion to dismiss, filed on May 15, 2009, is GRANTED IN PART and DENIED IN PART;
3. Plaintiff states cognizable claims against Defendant Clark under the Eighth Amendment for inadequate outdoor exercise based on the two specific incidents of modified programming beginning on August 15, 2006 and October 20, 2006. Therefore, Defendants' motion to dismiss these claims based on Plaintiff's failure to state a claim is DENIED;
4. Plaintiff's claims for money damages against Defendant in his official capacity are DISMISSED without leave to amend;
5. Plaintiff's Eighth Amendment claims based on "frequent" episodes of "modified programming" are DISMISSED with leave to amend;
6. Defendant's motion to dismiss based on qualified immunity is DENIED;
7. Within thirty days from the date of service of this order, Plaintiff shall either file a First Amended Complaint, or notify the Court in writing that he does not wish to file

6

1  ///
2  an amended complaint and instead intends to proceed only on the claims found
3  cognizable by the Court;
4      8.    The amended complaint, if any, shall be entitled "First Amended Complaint" and
5  refer to the case number 1:07-cv-01097-LJO-GSA-PC; and
6      9.    Plaintiff's failure to comply with this order shall result in the dismissal of this action.

        IT IS SO ORDERED.

Dated:   **March 30, 2010**                           **/s/ Lawrence J. O'Neill**
                                                                     UNITED STATES DISTRICT JUDGE