# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH DUANE ARLINE, JR., | CASE NO. 1:07-cv-01097-LJO-GBC PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION |
| v. | |
| KEN CLARK, | (Doc. 57) |
| Defendant. | OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Keith Duane Arline, Jr. is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the Court's order of June 2, 2010, this action is proceeding on Plaintiff's complaint, filed July 27, 2007, against Defendant Ken Clark for inadequate outdoor exercise, while housed at California State Prison - Corcoran, in violation of the Eighth Amendment. This matter is currently in the discovery phase.

On September 10, 2010, Plaintiff filed a motion seeking the issuance of a preliminary injunction mandating that Plaintiff's legal property be returned to him. According to the motion, a riot occurred at Calipatria State Prison on June 12, 2010. On July 12, 2010, a rule violation hearing was held and Plaintiff was found guilty of being involved in the riot. (Doc. 57, p.1). Due to this involvement, Plaintiff was placed in administrative segregation. (Id. at 2.) Plaintiff submitted a request to have his legal paperwork returned to him. On September 2, 2010, the property officer attempted to return Plaintiff's legal paperwork. Plaintiff was not given the paperwork because he refused to sign for it. (Id. at 4).

1     "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

    Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Valley Forge Christian Coll., 454 U.S. at 471; also Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). The Prison Litigation Reform Act also places limitations on injunctive relief. Section 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs."

    The case or controversy requirement cannot be met in light of the fact that the issue Plaintiff seeks to remedy in his motion bears no relation to the claim that he was deprived of outdoor exercise while being housed at California State Prison - Corcoran. Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst., 129 S. Ct. 1142, 1148-49 (2009); Steel Co., 523 U.S. at 102-04, 107. Because the case-or-controversy requirement cannot be met, the pendency of *this* action provides no basis upon which to award Plaintiff injunctive relief. Steel Co., 523 U.S. at 102-103.

    Accordingly, it is recommended that Plaintiff's motion for preliminary injunctive relief, filed September 10, 2010, be DENIED, with prejudice, for lack of jurisdiction.

    It is Ordered that this Finding and Recommendation be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

1 **THIRTY (30) DAYS** after being served with the Finding and Recommendation, Plaintiff may file
2 written objections with the Court. The document should be captioned "Objections to Magistrate
3 Judge's Finding and Recommendation." Plaintiff is advised that failure to file objections within the
4 specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
5 1153 (9th Cir. 1991).
6 IT IS SO ORDERED.

Dated:   September 28, 2010

UNITED STATES MAGISTRATE JUDGE