# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH DUANE ARLINE, JR., | CASE NO. 1:07-cv-01097-LJO-GBC PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF EXPERT WITNESS |
| v. | |
| KEN CLARK, | ORDER TO STRIKE PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION |
| Defendant. | (Docs. 60, 61) |

Plaintiff Keith Duane Arline, Jr. is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the Court's order of June 2, 2010, this action is proceeding on Plaintiff's complaint, filed July 27, 2007, against Defendant Ken Clark for inadequate outdoor exercise, while housed at California State Prison - Corcoran, in violation of the Eighth Amendment. This matter is currently in the discovery phase.

On September 10, 2010, Plaintiff filed a motion seeking the issuance of a preliminary injunction mandating that Plaintiff's legal property be returned to him. According to the motion, a riot occurred at Calipatria State Prison on June 12, 2010. On July 12, 2010, a rule violation hearing was held and Plaintiff was found guilty of being involved in the riot. (Doc. 57, p.1). Due to this involvement, Plaintiff was placed in administrative segregation. (Id. at 2.) Plaintiff submitted a request to have his legal paperwork returned to him. On September 2, 2010, the property officer attempted to return Plaintiff's legal paperwork. Plaintiff was not given the paperwork because he refused to sign for it. (Id. at 4).

1

On September 28, 2010, the Court issued findings and recommendations recommending the motion be denied with prejudice for lack of jurisdiction. (Doc. 58.) On October 1, 2010, Plaintiff filed motions for appointment of an expert witness and a preliminary injunction to have his legal paperwork returned to him. (Doc. 60, 61.) Plaintiff's current motion for a preliminary injunction is duplicative of his earlier motion, which has been addressed by the Court, and will be stricken from the record.

With regard to Plaintiff's motion for a court-appointed expert witness, the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. See Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989) (citations omitted). The in forma pauperis statute does not authorize the Court to waive witness fees or expenses paid to those witnesses. Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993); see 28 U.S.C. § 1915.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for preliminary injunction, filed October 1, 2010, is STRICKEN FROM THE RECORD; and

2. Plaintiff's motion for appointment of an expert witness, filed October 1, 2010, is DENIED. IT IS SO ORDERED.

Dated:   October 5, 2010

UNITED STATES MAGISTRATE JUDGE

2