# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH DUANE ARLINE, JR., <br><br> Plaintiff, <br><br> v. <br><br> KEN CLARK, <br><br> Defendant. | CASE NO: 1:07-cv-01097-LJO-GBC (PC) <br><br> ORDER DENYING RULE 59(e) MOTION FOR RECONSIDERATION <br><br> Doc. 95 <br><br> ORDER CLARIFYING ORDER ADOPTING FINDINGS AND RECOMMENDATIONS <br><br> Doc. 96 |

On July 27, 2007, Keith Duane Arline, Jr. ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleged that Defendant Clark violated the Eighth Amendment by denying Plaintiff outdoor exercise during modified programming at the prison facility. Doc. 1. On September 23, 2011, the Magistrate Judge filed Findings and Recommendations recommending granting Defendants' motion for summary judgment. Doc. 91. On October 20, 2011, the Court issued an Order Adopting Findings and Recommendations, dismissed the action, and ordered the Clerk of the Court to close the case. Doc. 93. On October 20, 2011, the Clerk of the Court entered a final judgment in favor of the Defendant. Doc. 94. On October 31, 2011, Plaintiff filed a Motion for Reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Doc. 95. On December 2, 2011, Plaintiff filed a Motion for Clarification of the Court's Findings and Recommendations. Doc. 96.[1]

---

[1] In addressing Plaintiff's Motion for Clarification as to whether he may file an appeal, the Order Adopting Findings and Recommendations was a dismissal order, which directed the Clerk of the Court to close the case. Plaintiff may now file an appeal of this decision pursuant to Federal Rule of Appellate Procedure 4(a).

1    Under Federal Rule of Civil Procedure 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of the judgment. Fed. R. Civ. P. 59(e). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)). But amending a judgment after its entry remains "an extraordinary remedy which should be used sparingly." *Id.* In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *Id.*

In Plaintiff's Motion for Reconsideration, Plaintiff reiterates the law for denial of exercise and argues that his case meets the Eighth Amendment standard. However, Plaintiff fails to offer affirmative evidence to contradict that modified programming was necessary and that concrete yards were not a feasible alternative.

The Court finds that Plaintiff has failed to demonstrate that he is entitled to reconsideration pursuant to Rule 59(e). Having carefully reviewed the entire file, the Court finds that its Order Adopting Findings and Recommendations, dismissing the action, and closing the case is supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration filed on October 31, 2011 is DENIED.

IT IS SO ORDERED.

**Dated:    December 13, 2011                 /s/ Lawrence J. O'Neill**
                                                                   UNITED STATES DISTRICT JUDGE